UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RIGOBERTO GALLARDO,

     Plaintiff,

v.

SAGE DINING SERVICES,
INCORPORATED,

     Defendant,

_____/

## **<u>COMPLAINT</u>**

Plaintiff RIGOBERTO GALLARDO by and through undersigned counsel hereby

sues Defendant SAGE DINING SERVICES, INCORPORATED, on the grounds set forth

herein.

### <u>INTRODUCTION</u>

1.  This is an action by Plaintiff RIGOBERTO GALLARDO, under the Civil Rights Act

    of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil

    Rights Act of 1992 (FCRA), Florida Statutes Section 760, to redress the injury done to

    Plaintiff by the Defendant's discriminatory and retaliatory treatment based on his

    National Origin.

### <u>JURISDICTION AND VENUE</u>

2.  This is an action for damages brought in excess of $15,000.00, exclusive of interest,

    Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Additionally, Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff RIGOBERTO GALLARDO is a resident of Miami-Dade County who was employed by Defendant SAGE DINING SERVICES, INCORPORATED, and is a member of certain protected classes of persons.

7. Corporate Defendant SAGE DINING SERVICES, INCORPORATED (hereinafter, SAGE DINING, or Defendant) is a foreign for-profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within this Court jurisdiction.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9. At all relevant times, Defendant has continuously done business in Florida state and employed 15 or more employees.

<u>PROCEDURAL REQUIREMENTS</u>

10. All conditions precedent to this action has been fulfilled. On or about May, 2021, Plaintiff RIGOBERTO GALLARDO dual-filed his Charge of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about April 07, 2022, the U.S. Equal Employment Opportunity Commission issued a "Determination and Notice of Rights" with respect to such Charge of Discrimination. Such Notice was received by Plaintiff on or about Wednesday, April 14, 2022. Consequently, the present Complaint is being filed within the 90 days of the date in which Plaintiff received the Dismissal and Notice of Rights, as allowed by law. *See* **Exhibit "A."**

<u>STATEMENT OF FACTS</u>

11. Plaintiff RIGOBERTO GALLARDO is a White Cuban male, a member of certain protected classes of persons because of his National Origin.

12. Corporate Defendant SAGE DINING is a private company, and provider of campus dining and upscale catering services to independent schools and private colleges across North America.

13. Defendant SAGE DINING employed Plaintiff RIGOBERTO GALLARDO as a cook from approximately April 14, 2014, to April 20, 2021, or more than seven years.

14. Plaintiff worked in Riviera School Campuses, located at 9775 SW 87th Avenue, Miami, Florida 33176.

15. Plaintiff was a full-time, non-exempted hourly employee working five days per week an average of 40 hours weekly. Plaintiff's last wage rate was $13.78 an hour.

16. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed his duties without significant issue or controversy. Plaintiff was a model employee who was diligent in his work and committed to creating a successful career with Defendant.

17. However, after chef Louis Guenand began to work at Riviera Schools, around 2018, everything negatively changed for Plaintiff. Defendant SAGE DINING engaged in unlawful employment practices at its customer Riviera Schools' campuses.

18. More specifically, Defendant subjected Plaintiff RIGOBERTO GALLARDO to discrimination and harassment based on his Cuban National Origin

19. The discrimination and harassment were perpetrated at Riviera Schools by chef Louis Guenand. This individual disrespected and harassed Plaintiff every day, he told Plaintiff: "all Cubans are f…….lazy, "stupid Cuban," "Cuban scum", "go back to Cuba", "I do not know what you are doing here, you don't even speak English", "You should learn English, you are in the US," and many other humiliating discriminatory remarks against Plaintiff's Cuban National Origin.

20. Chef Louis Guenand intentionally embarrassed Plaintiff in front of co-workers by claiming that he was incompetent because he did not speak English. The chef established an English-only rule and prohibited Spanish-speaking employees from talking Spanish in the kitchen. Chef Louis Guenand subjected Plaintiff to increased job scrutiny and excessive surveillance, trying to find a reason to sanction Plaintiff.

21. Every day chef Louis Guenand verbally abused Plaintiff based on his Cuban National Origin. The frequency and severity of the harassment based on National Origin perpetrated by the chef created a hostile working environment for Plaintiff, who had to suffer intimidating and abusive treatment as a condition for continued employment.

22. Chef Louis Guenand frequently required Plaintiff to clock out before he finished his shift, causing him financial harm because he was not allowed to complete 40 working hours weekly.

23. Plaintiff opposed the chef's illegal conduct and had arguments with him many times. Plaintiff tried to handle the situation himself because not only he needed his job to support his family, but he had a young daughter studying on a scholarship at Riviera School. Every day after Plaintiff ended his shift, he used to pick up his daughter after school.

24. These oppositions constitute protected activity under Title VII, and under Chapter 760 of the Florida Human Rights Act.

25. On or about Thursday, April 15, 2021, Chef Louis Guenand demanded Plaintiff punch out before completing his scheduled working hours, Plaintiff complained because he was not allowed to complete his working hours and about the disrespectful and unfair treatment applied to him. Chef Louis Guenand got very upset and one more time verbally assaulted Plaintiff and ordered him not to come to work the next day, Friday, April 16, 2021. Plaintiff obeyed, stopped working, and went to the parking lot to wait for her daughter.

26. Chef Louis Guenand continued his harassment and sent security personnel to remove Plaintiff from the spot where he was waiting as a parent to pick up his daughter.

27. Plaintiff called H.R Diana Rivero and complained about the conduct of chef Louis Guenand. Then, Plaintiff received a call from District Manager Ross Gelb ordering Plaintiff not to come to work the next day. Plaintiff explained what happened to Mr. Ross Gelb and complained about the discriminatory conduct of chef Louis Guenand.

28. These complaints constitute protected activity under Title VII, and under Chapter 760 of the Florida Human Rights Act.

29. On or about Friday, April 16, 2021, Plaintiff received a call from Mr. Ross Gelb ordering him not to come to work on Monday, April 19, 2021, pending investigation.

30. On or about Tuesday, April 20, 2021, Mr. Ross Gelb called Plaintiff to inform him that he was fired for hitting chef Louis Guenand and other lies. Plaintiff denied this incident and any misconduct or insubordination. Mr. Ross Gelb did not pay any attention to Plaintiff's claims.

31. Plaintiff tried desperately to recover his employment, and he wrote to Regional Manager Brandon M. Barnes and explained his ordeal. Mr. Barnes promised to call him to discuss. Plaintiff texted Mr. Barnes on April 22, 26, and 27. On April 27, Mr. Barnes answered: "I will be sure to follow on the complaints against Louis and Ross. Please feel free to reach out to human resources with any further issues, Thanks!". Plaintiff understood that nobody at SAGE DINING was able to help him.

32. On or about April 20, 2021, Plaintiff RIGOBERTO GALLARDO was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints and opposition to unlawful discrimination, harassment and retaliation on the basis of his National Origin in violation of both Federal and State Laws

33. After seven years of loyal services, Plaintiff was discharged without a proper investigation. Nobody call him to ask his version of the incident or to verify anything. There was no investigation.

34. Plaintiff was the victim of reckless and callous mental and verbal abuse by Defendant's employee/agent who endorsed by Defendant, fostered a hostile work environment and at all relevant times committed the violations detailed in Plaintiff's complaint all during the scope of employment and with the consent of acts of its agent.

35. Defendant's failure to timely and adequately act was wanton and willful. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon his National Origin. Defendant also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation, Plaintiff National Origin.

36. Defendant failed to exercise reasonable care to prevent and promptly correct any discriminatory behavior. Plaintiff attempted to take advantage of the little to non-existent preventative or corrective opportunities provided by Defendant, but his efforts were thwarted by Defendant's managers.

37. Defendant's agents further violated Plaintiff's rights by wrongfully terminating him. As a direct consequence of Defendant's wrongdoing, Plaintiff has experienced severe bouts of grief, fright, anxiety, overwhelming humiliation, and depression.

38. Defendant, by and through its agents or employees, authorized, tolerated, facilitated, indifferently ignored and/or condoned the above-mentioned treatment of Plaintiff by allowing the harassment to continue, by refusing to take any substantive remedial action against the perpetrator; Plaintiff's repeated complaints of harassment were not

taken seriously, as well as by failing to intervene and/ or to stop such harassment and the subsequent retaliation.

39. Moreover, Plaintiff's termination came just temporal proximity after Plaintiff's participation in a protected activity on or about April 15, 2021.

### COUNT I:
### VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
### DISCRIMINATION BASED ON NATIONAL ORIGIN

40. Plaintiff RIGOBERTO GALLARDO re-adopts every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

41. At all times material hereto, the Employer/Defendant SAGE DINING failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42. The discrimination of Plaintiff RIGOBERTO GALLARDO was perpetrated by his superior, but it was allowed by Defendant SAGE DINING, and it was caused by Defendant being aware of Plaintiff's National Origin.

43. Defendant's decision to discriminate against Plaintiff RIGOBERTO GALLARDO was because of Plaintiff's National Origin.

44. At all relevant times aforementioned, including the time of discrimination, Defendant SAGE DINING was aware that Plaintiff RIGOBERTO GALLARDO was of Cuban National Origin.

45. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

46. Plaintiff was qualified for the position apart from his apparent Cuban National Origin.

47. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

48. The failure of Defendant SAGE DINING to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

49. Defendant SAGE DINING, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff RIGOBERTO GALLARDO on account of his National Origin in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

50. Plaintiff RIGOBERTO GALLARDO was wrongfully terminated by Defendant SAGE DINING, and Plaintiff's termination from employment was directly and proximately

caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's National Origin.

51. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

52. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant SAGE DINING is a mere pretext for the actual grounds for the termination from employment, Plaintiff's National Origin, and complaints related to the unlawful acts of discrimination and harassment.

53. Defendant SAGE DINING is subject to vicarious liability for the actions of its employees, and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

54. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to his National Origin. Discrimination based on National Origin constitutes unlawful discrimination.

55. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RIGOBERTO GALLARDO respectfully requests that this Court order the following:

A.  Grant a permanent injunction enjoining Defendant SAGE DINING  its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on National Origin;

B.  Reinstate Plaintiff RIGOBERTO GALLARDO to the same position he held before the retaliatory personnel action or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff RIGOBERTO GALLARDO;

D.  Order Defendant, SAGE DINING, to make Plaintiff RIGOBERTO GALLARDO whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered;

E.  Award a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including punitive damages;

G.  Award attorney's fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff RIGOBERTO GALLARDO demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964:**</u>
<u>**RETALIATION**</u>

56. Plaintiff RIGOBERTO GALLARDO re-adopts every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

57. At all times material hereto, the Employer/Defendant SAGE DINING failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has

opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

58. Defendant SAGE DINING is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

59. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

60. Defendant SAGE DINING, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff RIGOBERTO GALLARDO on account of Plaintiff's complaints of discrimination.

61. Plaintiff complained about the unlawful discrimination and harassment suffered at the hands of his superior. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

62. But Plaintiff's complaints brought him only increased harassment from his superior and from his own employer SAGE DINING.

63. On or about April 20, 2021, Plaintiff RIGOBERTO GALLARDO was terminated by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his

complaints and opposition to unlawful discrimination and harassment on basis of his National Origin in violation of both Federal and State Laws.

64. Moreover, Plaintiff's termination came just temporal proximity after Plaintiff's participation in protected activity.

65. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

66. Plaintiff RIGOBERTO GALLARDO was fired by Defendant, and the termination was directly and proximately caused by Plaintiff's complaints about unlawful discrimination.

67. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment.

68. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his National Origin and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

69. As a result of the retaliation, Plaintiff RIGOBERTO GALLARDO has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

70. At the time that Plaintiff opposed the discrimination and harassment of his supervisor, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of Title VII.

71. Defendant SAGE DINING'S acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

72. Defendant SAGE DINING is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

73. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RIGOBERTO GALLARDO respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant SAGE DINING to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

JURY TRIAL DEMAND

Plaintiff RIGOBERTO GALLARDO demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON NATIONAL ORIGIN**

74. Plaintiff RIGOBERTO GALLARDO re-adopts every factual allegation as stated in paragraphs 1-39 and above as if set out in full herein.

75. At all times, material hereto, the Employer/Defendant SAGE DINING failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

   *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race,* color, *religion, sex, national origin, age, handicap, or marital status"*

76. The discrimination of Plaintiff RIGOBERTO GALLARDO by Defendant SAGE DINING was caused by Defendant being aware of Plaintiff's National Origin.

77. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Cuban National Origin.

78. At all relevant times aforementioned, including the time of discrimination, Defendant SAGE DINING was aware that Plaintiff was of Cuban National Origin.

79. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

80. Plaintiff was qualified for the position apart from his apparent National Origin.

81. Plaintiff was discriminated against by Defendant SAGE DINING, because Plaintiff was of Cuban National Origin.

82. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

83. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

84. Defendant SAGE DINING'S through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff RIGOBERTO GALLARDO on account of his National Origin, in violation of the Act, with respect to its decision to treat Plaintiff different from other employees.

85.  Plaintiff RIGOBERTO GALLARDO was wrongfully terminated by Defendant SAGE DINING, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's National Origin.

86. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain and suffering.

87. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's National Origin, and complaints related to the unlawful acts of discrimination and harassment.

88. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their National Origin.

89. Discrimination based on National Origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

90. Defendant SAGE DINING is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

91. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RIGOBERTO GALLARDO respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant SAGE DINING, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on National Origin;

B. Reinstate Plaintiff RIGOBERTO GALLARDO to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant SAGE DINING to make Plaintiff RIGOBERTO GALLARDO whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with

prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff RIGOBERTO GALLARDO demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT,</u>**
**<u>CHAPTER 760, FLORIDA STATUTES;   RETALIATION</u>**

92. Plaintiff RIGOBERTO GALLARDO re-adopts every factual allegation as stated in paragraphs 1-39 of this Complaint as if set out in full herein.

93. This is an action against Defendant SAGE DINING for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

94. The FCRA contains an anti-retaliation provision forbidding employers from retaliating or from taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

95. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

96. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his National Origin and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

97. While working for Defendant SAGE DINING, Plaintiff was subjected to discrimination and harassment based on National Origin.

98. Plaintiff reasonably engaged in protected activity by complaining about the unlawful discrimination with his own employer, SAGE DINING.

99. Plaintiff complained about the unlawful discrimination and harassment suffered at the hands of his supervisor. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

100. But Plaintiff's complaints brought him only increased harassment from his own employer, SAGE DINING.

101. On or about April 20, 2021, Plaintiff RIGOBERTO GALLARDO was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints and opposition to unlawful discrimination and harassment based on his National Origin in violation of both Federal and State Laws.

102. At the time that Plaintiff opposed the discrimination and harassment of his supervisors, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of The FCRA, *Fla. Stat. Section 760.10,* (7)

103. Moreover, Plaintiff's termination came just temporal proximity after Plaintiff's participation in protected activity.

104.    Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

105.    Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment based on his National Origin.

106.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their National Origin and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

107.    As a result of the retaliation, Plaintiff RIGOBERTO GALLARDO has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

108.    Defendant SAGE DINING'S acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

109.    Defendant SAGE DINING is subject to vicarious liability for the actions its employees and its own agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

110.    Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RIGOBERTO GALLARDO respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant SAGE DINING, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff a judgment against Defendant SAGE DINING for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant SAGE DINING;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff RIGOBERTO GALLARDO demands a trial by jury on all issues triable as of right by a jury.

Dated: July 12, 2022                              Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*